UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BREAKWATER TREATMENT AND WELLNESS CORP., <br><br> Plaintiff, <br><br> -vs- <br><br> THE CITY OF ASBURY PARK, et al., <br><br> Defendants. | Civil Case No. 23-cv-03661-MAS-JBD <br><br> *Document Filed Electronically* |

---

### REPLY BRIEF OF THE ZONING BOARD DEFENDANTS IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

---

 

**LUM, DRASCO & POSITAN LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068-1049
(973) 403-9000
Attorney for Defendants, Asbury Park Zoning Board of Adjustment, Christopher Avallone, John Scully, Russel Lewis, Wendi Glassman, Daniel Harris, Jill Potter

KEVIN J. O'CONNOR
  Of Counsel and on the Brief

#767231v1

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF CITATIONS ................................................................................... iii

PRELIMINARY STATEMENT ........................................................................ 1

LEGAL ARGUMENT ....................................................................................... 2

POINT I ...............................................................................................................2

      COUNTS ONE AND TWO OF THE COMPLAINT FAIL TO PROVIDE A SUFFICIENT FACTUAL OR LEGAL BASIS TO MAINTAIN CLAIMS AGAINST THE ZONING BOARD DEFENDANTS. ...................................................................................2

      A.    The Zoning Board and the City Administration Are Separate Entities with Separate Roles Regarding Land Use Regulation. ..........................................................................2

      B.    Plaintiff Fails to Provide Factual Allegations That the Zoning Board Defendants Were Involved in the City Administration's Alleged "Favoritism." ......................4

      C.    Plaintiff Fails to Assert Any Factual or Legal Basis to Establish That the Zoning Board Defendant's Denial of Plaintiff's Variance Application "Shocks the Conscience" and Violated Substantive Due Process. .................7

      D.    Plaintiff Fails to Assert any Factual or Legal Basis to Establish That the Zoning Board Defendants Violated Plaintiff's Right to Equal Protection..........................................8

POINT II ............................................................................................................10

      THE INDIVIDUAL MEMBERS OF THE ZONING BOARD ARE ENTITLED TO IMMUNITY BECAUSE THEY WERE ACTING IN A QUASI-JUDICIAL CAPACITY WHEN ADJUDICATING PLAINTIFF'S VARIANCE APPLICATION. .........................................10

POINT III ........................................................................................................... 13

    THE STATE LAW CLAIMS ASSERTED AGAINST THE
    ZONING BOARD DEFENDANTS SHOULD BE DISMISSED............ 13

CONCLUSION ................................................................................................. 15

# TABLE OF CITATIONS

**PAGE**

**Cases**

Anastasio v. Planning Bd. of West Orange, 209 N.J.Super. 499 (App.Div. 1986), certif. denied, 107 N.J. 46 (1986) .................................................................. 10, 11

Bright v. Westmoreland County, 443 F.3d 276, 286 (3d Cir. 2006) ........................ 14

Centennial Land & Dev. Co. v. Township of Medford, 165 N.J.Super. 220 (Law Div. 1979) ................................................................................................. 10, 11

County of Sacramento v. Lewis, 523 U.S. 833, 846, 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ............................................................................................. 7

Eichenlaub v. Township of Indiana, 385 F.3d 274, 285 (3d Cir. 2004) ..................... 7

In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997) .......................................................................................................................... 8

Jodeco, Inc. v. Hamm, 674 F.Supp. 488 (D.N.J. 1987) .................................. 10, 11

Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) .......................................................................................................................... 6

Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997) ................................................................................................................ 6

United Artists Theatre Circuit v. Township of Warrington, 316 F.3d 392, 399-400 (3d Cir. 2003) ............................................................................................. 7

**Statutes**

28 U.S.C. §1331 ............................................................................................................ 14

28 U.S.C. §1367(c)(3) ...................................................................................... 2, 14, 15

42 U.S.C. §1983 or §1985 ............................................................................................. 1

N.J.S.A. 40:55D-1 ........................................................................................................ 3

N.J.S.A. 40:55D-10 .................................................................................................3

N.J.S.A. 40:55D-10(g) ............................................................................................3

N.J.S.A. 40:55D-70(c) & (d) ..................................................................................3

**Other Authorities**

Cox & Koenig, N.J. Zoning and Land Use Administration, §1-4 (2023) .................4

#767231v1

Defendants, Asbury Park Zoning Board of Adjustment, Christopher Avallone, John Scully, Russel Lewis, Wendi Glassman, Daniel Harris and Jill Potter (collectively the "Zoning Board Defendants"), submit this Reply Brief in further support of the Zoning Board Defendants' Motion to Dismiss the Complaint by Plaintiff, Breakwater Treatment and Wellness Corp. ("Plaintiff" or "Breakwater").

## PRELIMINARY STATEMENT

With respect to the Zoning Board Defendants, Plaintiff's Complaint seeks to elevate what should be a pedestrian action in lieu of prerogative writs in state court into a federal civil rights case. Plaintiff's Complaint and its opposition to the Motions to Dismiss fail to present a sufficient factual basis to establish that the Zoning Board Defendants violated Breakwater's constitutional rights to substantive due process and equal protection that would be actionable under 42 U.S.C. §1983 or §1985. The Complaint fails to provide any factual basis to establish that the Zoning Board's denial of its variance application "shocks the conscience" or that the Zoning Board Defendants violated Plaintiff's right to equal protection by treating other cannabis vendors differently without a rational basis.

Further, the overreach in the Complaint is compounded by the Plaintiff's improper attempt to assert claims against the individual, volunteer members of the

Zoning Board. Plaintiff fails to provide any appropriate factual basis to asset claims against the individual members of the Zoning Board, who are entitled to immunity for their actions undertaken in a quasi-judicial capacity.

Additionally, the state law claims asserted in the Complaint that seek prerogative writ relief cognizable in state court should be dismissed. The basis for these counts is the dispute of the Zoning Board's denial of Plaintiff's variance application. The Complaint fails to allege a sufficient factual basis to support these claims. In the alternative, the Court should decline to exercise its supplemental jurisdiction over the state law claims against the Zoning Board pursuant to 28 U.S.C. §1367(c)(3).

## LEGAL ARGUMENT

### POINT I

**COUNTS ONE AND TWO OF THE COMPLAINT FAIL TO PROVIDE A SUFFICIENT FACTUAL OR LEGAL BASIS TO MAINTAIN CLAIMS AGAINST THE ZONING BOARD DEFENDANTS.**

A.  **The Zoning Board and the City Administration Are Separate Entities with Separate Roles Regarding Land Use Regulation.**

Throughout the Complaint and its opposition to the Motions to Dismiss, Plaintiff conflates its allegations against the Mayor and Administration of the City

of Asbury Park ("City Administration") with its allegations against the Zoning Board Defendants under the collective reference to the "Municipal Defendants." This attempt to lump all of the defendants together fails to distinguish between the actions allegedly taken by the City Administration and the actions taken by the Zoning Board. Further, the attempt to make allegations against the "Municipal Defendants" collectively ignores the fact that the City Administration and the Zoning Board are separate entities with distinct duties and roles in the area of land use regulation.

A zoning board is a creature of the New Jersey Municipal Land Use Law, N.J.S.A. 40:55D-1, *et seq*. ("MLUL"). The jurisdiction and powers of zoning boards are specifically circumscribed by the MLUL. Zoning boards are empowered to hear and decide applications for variance relief. N.J.S.A. 40:55D-70(c) & (d). The zoning board is required to hold public hearing on applications for variance relief which are recorded either stenographically or electronically. N.J.S.A. 40:55D-10. The zoning board is further required to issue a written decision with appropriate findings of fact and conclusions supporting its determination. N.J.S.A. 40:55D-10(g). Zoning boards act in a quasi-judicial capacity when hearing applications for variance relief.

A zoning board is not the alter ego of the municipal government. Once created, a zoning board "is not merely an agency of the municipality which created

it, it is an independent statutory body authorized and empowered to act in ways which are quasi-judicial rather than ministerial." Cox & Koenig, N.J. Zoning and Land Use Administration, §1-4 (2023).  Contrary to Plaintiff's apparent implication, the City Administration and the Zoning Board are not a monolith, and it is improper to combine allegations against each under the penumbra of "Municipal Defendants." The Plaintiff must make not only claim-specific allegations in its Complaint, but it must also make defendant-specific allegations identifying what each defendant is alleged to have done.

      **B.    Plaintiff Fails to Provide Factual Allegations That the Zoning Board Defendants Were Involved in the City Administration's Alleged "Favoritism."**

As a basis for its claims under Section 1983 (Count One) and Section 1985 (Count Two), Plaintiff asserts that the "Municipal Defendants" (again collectively) violated Plaintiff's rights to due process by depriving it of a fair hearing and violated Plaintiff's right to equal protection by treating other cannabis vendors more favorably without a reason to do so. (Pb14, citing Complaint §90). The allegations of the Complaint, however, fail to differentiate between the purported actions of the City Administration and the Zoning Board Defendants. In its opposition, Plaintiff identifies several allegations which it asserts to be the "underpinnings" for its federal claims against the "Municipal Defendants." (See

Pb15-18). These allegations, even if assumed true, are in reality directed towards purported conduct by the City's Mayor and members of the City Administration rather than against the Zoning Board Defendants.

Plaintiff asserts that the Mayor and members of the City Administration and governing body had a number of meetings and communications with representatives of a potential competitor regarding a cannabis business in Asbury Park. (Pb15-16). Based on the foregoing, Plaintiff contends there was "favoritism" by the City towards the competing cannabis vendor, which deprived Plaintiff of a "fair hearing." (Pb20-21). Plaintiff leaps to the speculative conclusion that the denial of its variance application by the Zoning Board was "really because of the favoritism concomitant to the relationships of the Mayor and his allies with one or more cannabis vendors other than Breakwater." (Pb17).

Critically absent from the allegations identified by Plaintiff, however, is any reference to the actual involvement of the Zoning Board Defendants in the City's purported "favoritism." There are no allegations that the members of the Zoning Board were involved in any of the meetings or communications regarding the competing vendor referenced in Plaintiff's opposition. Nor are there any allegations that members of the Zoning Board had any role whatsoever in the City Administration's supposed preference for another cannabis vendor. Simply put, while the Plaintiff makes allegations against the City Administration, the

5

Complaint utterly failed to provide any factual support to establish that the Zoning Board Defendants were involved in the so-called "favoritism." To the contrary, the Zoning Board acted in its quasi-judicial capacity and considered the Plaintiff's variance application and made its decision based upon the record presented at the hearings. To the extent Plaintiff intends the allegations against the City Administration should be attributable to the Zoning Board Defendants, those allegations are not well-pleaded and constitute "unsupported conclusions and unwarranted inferences," Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

In sum, Plaintiff's Complaint fails to assert defendant-specific allegations that the Zoning Board Defendants had any involvement in the City's alleged "preference" for another cannabis vendor. The conclusory allegations in the Complaint attempting to lump the Zoning Board Defendants under the collective designation of "Municipal Defendants" fails to satisfy the pleading requirements articulated by the Supreme Court. Accordingly, the claims asserted against the Zoning Board Defendants in Count One and Count Two of the Complaint are deficient and should be dismissed.

### C. Plaintiff Fails to Assert Any Factual or Legal Basis to Establish That the Zoning Board Defendant's Denial of Plaintiff's Variance Application "Shocks the Conscience" and Violated Substantive Due Process.

In its opposition, Plaintiff mouths the shibboleth that the denial of its variance application "shocks the conscience," but fails to provide any cogent argument applying that standard to the action of the Zoning Board Defendants in this matter. A zoning board's action violates the right to substantive due process when it "shocks the conscience." United Artists Theatre Circuit v. Township of Warrington, 316 F.3d 392, 399-400 (3d Cir. 2003). Conduct that shocks the conscience "varies depending on the factual context." Id. at 400. However, "only the most egregious official conduct" can be deemed to shock the conscience in the constitutional sense. County of Sacramento v. Lewis, 523 U.S. 833, 846, 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Because land use regulation is inherently a matter of local concern, courts must be careful to ensure that land use disputes are not "transformed into substantive due process claims based only on allegations that government officials acted with 'improper motives'." United Artists, supra, 316 F.3d at 402. Accordingly, the shocks the conscience test "is designed to avoid converting federal courts into super zoning tribunals." Eichenlaub v. Township of Indiana, 385 F.3d 274, 285 (3d Cir. 2004). This is what Plaintiff is attempting in the instant matter.

7

#767231v1

In the case at bar, Plaintiff asserts that its right to substantive due process was violated because the City Administration had "favoritism" for another cannabis vendor and this "shocks the conscience" because it deprived Plaintiff of a fair hearing. As stated above, Plaintiff totally fails to provide a sufficient factual basis establishing that the Zoning Board Defendants had any involvement in the City's "favoritism." No factual basis is alleged that the Zoning Board Defendant favored another cannabis vendor. Plaintiff does not allege that the members of the Zoning Board were involved in the meetings and communications pursuant to which the City Administration formulated and advanced its purported preference. There are zero factual allegations establishing any collusion between the City Administration and the Zoning Board Defendants. The allegations against the Zoning Board Defendants are no more than "bald assertions" or "legal conclusions" that the Court is not required to credit in a motion to dismiss. In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997). Thus, there is simply no basis to establish that the Zoning Board Defendants violated Plaintiff's right to substantive due process.

      **D.**      **Plaintiff Fails to Assert any Factual or Legal Basis to Establish That the Zoning Board Defendants Violated Plaintiff's Right to Equal Protection.**

In its opposition, Plaintiff contends that the "Municipal Defendants" (again

collectively) violated its right to equal protection "by treating others more favorably than Plaintiff without a reason to do so." (Pb14, citing Complaint ¶90). However, the Complaint and the opposition are devoid of any factual or legal basis to establish that the Zoning Board Defendant treated others (i.e., competing cannabis vendors) more favorably than Plaintiff.

In fact, Plaintiff's variance application is the <u>only</u> application that has ever been presented to the Zoning Board for a cannabis business. No application for another cannabis business has been considered by the Zoning Board and none is pending. As to the Zoning Board, an equal protection claim would only come into play if, *arguendo*, a different cannabis vendor were to make an application that was approved by the Zoning Board on grounds that are inconsistent with the basis for the denial of Plaintiff's application.

# POINT II

## THE INDIVIDUAL MEMBERS OF THE ZONING BOARD ARE ENTITLED TO IMMUNITY BECAUSE THEY WERE ACTING IN A QUASI-JUDICIAL CAPACITY WHEN ADJUDICATING PLAINTIFF'S VARIANCE APPLICATION.

Plaintiff's opposition further fails to provide any basis to establish that individual members of the Zoning Board should be personally liable in connection with the denial of Plaintiff's variance application. Plaintiff fails to make any reasonable argument that the members of the Zoning Board are not immune. This is fatal to Plaintiff's claims against the members of the Zoning Board in their individual capacities.

As Plaintiff itself states in its opposition: "The individual defendants are only immune from individual liability for Section 1983 and Section 1985 claims when performing their legislative or quasi-legislative duties." (Pb22). Indeed, the decisions cited in Plaintiff's own opposition brief actually *support* the position of the Zoning Board Defendants regarding immunity. (Pb22)(citing Anastasio v. Planning Bd. of West Orange, 209 N.J.Super. 499 (App.Div. 1986), certif. denied, 107 N.J. 46 (1986); Centennial Land & Dev. Co. v. Township of Medford, 165 N.J.Super. 220 (Law Div. 1979); and Jodeco, Inc. v. Hamm, 674 F.Supp. 488 (D.N.J. 1987)). In Anastasio, the court held that the members of the planning

10

board were acting in a quasi-judicial capacity and entitled to absolute immunity with respect to claims based on denial of a land use application. The <u>Anastasio</u> court encapsulated the rationale for according immunity to the volunteer members of a local land use board as follows:

> We think that the public interest requires that persons serving on planning boards considering applications for development act with independence and without fear that developers, who will frequently have significant financial resources and the ability to litigate, not bring them into court. The possibility of facing expensive and aggravating litigation as a result of making a decision on an application for development may in a subtle way impact on the decision making process.

209 <u>N.J.Super.</u> at 526. Similarly, as pointed out by the court in the <u>Centennial Land</u> case, also cited in Plaintiff's opposition brief:

> [M]any of these local zoning officials serve voluntarily, often at night, without remuneration; yet, they expend extensive time and effort in preparing and participating in the land use development of the community. Were this court to hold that these board members are without any immunity, the inevitable consequence, would be to deter intelligent civicminded persons from serving on municipal land use boards. The fear of incurring great expense in attorney's fees, losing time from employment and suffering the anxiety and distress resulting therefrom, could have no other effect.

165 <u>N.J.Super.</u>at 228. Both the <u>Anastasio</u> and <u>Centennial Land</u> decisions were cited favorably by the District Court in <u>Jodeco</u> (also cited in Plaintiff's brief) as support for the determination that members of a zoning board "perform quasi-

11

judicial functions" and are entitled to absolute immunity. 674 F.Supp. at 497-498. It cannot be seriously disputed in this case that the members of the Zoning Board acted in a quasi-judicial capacity when adjudicating Plaintiff's land use application, which was within their authority under the MLUL. Thus, the claims against the individual members of the Zoning Board should be dismissed based upon absolute immunity.

In its opposition, Plaintiff contends that the "individual defendants" are not entitled to immunity. (Pb22). Once again, Plaintiff fails to distinguish between the individual defendants who are members of the City Administration and the individual defendants who are members of the Zoning Board. Rather, Plaintiff attempts to lump together all of the "individual defendants" into a monolithic group without differentiating their specific actions. The basis for resisting immunity for the "individual defendants" (again collectively) is stated in Plaintiff's opposition as follows:

> Here, the process was rife with ex parte communications, deference to Plaintiff's business competitors, a plainly biased decision-making process which will support a conclusion that it "shocks the conscience," and abuses known and unknown, to be further revealed in discovery. It must be remembered that in June of 2022, Mr. Raffetto [the City's attorney] was seeking advice as to how to undermine Breakwater in favor of an operator whom the City would "prefer."

12

(Pb22). However, Plaintiff fails to present any factual support that the individual members of the Zoning Board participated in any such "ex parte communications" or "deference" to a competing vendor. Nothing has been presented to establish that the Zoning Board Defendants exhibited a preference for a different cannabis vendor. The allegations of favoritism and <u>ex parte</u> communications levelled at the City Administration, even if they were assumed to be true, do not establish involvement or actions by the members of the Zoning Board.

In sum, the Complaint fails to provide any factual or legal basis to establish that the individual members of the Zoning Board were not acting in a quasi-judicial capacity and would not be entitled to absolute immunity. This defect cannot be corrected by amending the Complaint. Thus, Plaintiff's claims against the members of the Zoning Board in their individual capacities asserted in Counts One and Two of the Complaint should be dismissed, with prejudice.

### POINT III

**THE STATE LAW CLAIMS ASSERTED AGAINST THE ZONING BOARD DEFENDANTS SHOULD BE DISMISSED.**

In addition to the deficient federal civil rights claims asserted in the Complaint, Plaintiff asserts several state law claims against the Zoning Board arising from the denial of Plaintiff's variance application. As set forth in the

Zoning Board Defendants' moving brief, each of these state law claims (which seek relief that normally would be cognizable as an action in lieu of prerogative writs in state court), is deficient and should be dismissed.  Even if these state law claims against the Zoning Board were to survive the Motion to Dismiss, the appropriate procedure would be to bifurcate the case and have the Court adjudicate the denial of the variance application based upon review of the record before the Zoning Board in a proceeding similar to the hearing on an action in lieu of prerogative writs in state court.

In the alternative, the Court should decline to exercise supplemental jurisdiction over the state law claims against the Zoning Board.  The claims asserted in Counts One and Two of the Complaint for substantive due process and equal protection provide the basis for this Court's subject matter jurisdiction under 28 U.S.C. §1331.  Because the federal constitutional claims against the Zoning Board Defendants should be dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims against the Zoning Board.  See 28 U.S.C. §1367(c)(3)(permitting a district court to decline to exercise supplemental jurisdiction over a state law claim where the court "has dismissed all claims over which it has original jurisdiction."); see also Bright v. Westmoreland County, 443 F.3d 276, 286 (3d Cir. 2006)("[W]hen the claim over which the district court has original jurisdiction is dismissed before trial, the district court

14

must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the Zoning Board Defendants' Motion to Dismiss the Complaint be granted. The Court should dismiss, with prejudice, the claims being asserted in Counts One and Two of the Complaint against the Zoning Board Defendants. Further, the state law claims against the Zoning Board in Counts Three to Eight of the Complaint should be dismissed pursuant to the grounds set forth in the Zoning Board Defendants' Motion to Dismiss or, in the alternative, pursuant to 28 U.S.C. §1367(c)(3).

        Respectfully submitted,

        **LUM, DRASCO & POSITAN LLC**
        Attorneys for Defendants, Asbury Park
        Zoning Board of Adjustment, Christopher
        Avallone, John Scully, Russel Lewis, Wendi
        Glassman, Daniel Harris and Jill Potter

        By: */s/ Kevin J. O'Connor*
           KEVIN J. O'CONNOR

Dated: November 27, 2023