**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BREAKWATER TREATMENT AND
WELLNESS CORP,

              Plaintiff,

              v.

THE CITY OF ASBURY PARK, *et al.*,

              Defendants.

Civil Action No. 23-3661 (MAS) (JBD)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on two separate motions to dismiss Plaintiff Breakwater Treatment and Wellness Corporation's ("Plaintiff") Complaint. (ECF No. 1.) The first motion is by Defendants Christopher Avallone ("Avallone"), Wendi Glassman ("Glassman"), Daniel Harris ("Harris"), Russell Lewis ("Lewis"), Jill Potter ("Potter"), John Scully ("Scully"), and the Asbury Park Zoning Board of Adjustment ("the Zoning Board") (ECF No. 15) and the second is by Defendants Michele Alonso ("Alonso"), John Moor ("Moor"), and the City of Asbury Park ("the City") (ECF No. 17) (collectively, "Defendants"[1]). Plaintiff opposed (ECF No. 21), and Defendants replied, respectively (ECF Nos. 26, 27). The Court has considered the parties' written submissions and decides the motions without oral argument, pursuant to Local Civil Rule 78.1. For the reasons set forth below, both Defendants' motions to dismiss are granted.

---

[1] Plaintiff's Amended Complaint also identifies fictitious Defendants "John Doe and/or Jane Doe," #1-25, and "XYZ Companies," #1-10. (Compl. ¶¶ 14, 15, ECF No. 1.)

I.  **BACKGROUND**

A.  **The Parties**

Plaintiff "is one of the original license holders and medical cannabis businesses in the State of New Jersey." (Compl. ¶ 3.)

The City is a municipal corporation of the State of New Jersey. (*Id.* ¶ 6.) Defendant Moor is the Mayor of Asbury Park and presides at all meetings of the City Council. (*Id.* ¶ 7.) Defendant Alonso is the Director of Planning and Redevelopment of the City. (*Id.* ¶ 8.)

The Zoning Board is a municipal board of the City and has primary jurisdiction over Plaintiff's zoning-approval application. (*Id.* ¶ 9.) The Zoning Board is comprised of: (1) Defendant Avallone (Chair); (2) Defendant Scully (Vice Chair); and (3) Defendants Lewis, Glassman, Harris, and Potter (members). (*Id.* ¶¶ 10-12.)

B.  **Alleged Scheme**

Plaintiff seeks to open a satellite Alternative Treatment Center ("ATC") in an existing, leased, industrial building in Asbury Park.[2] (Compl. ¶¶ 4, 21-22; Pl.'s Opp'n Br. 1.) In May 2022, Plaintiff submitted a zoning-approval application for a use variance, preliminary and final site plan approval, and related bulk variances to the Zoning Board (the "Application"). (Compl. ¶ 5, 21.)

        *i.  Plaintiff's Request for a Hearing*

In response to the Application, Alonso sent correspondence to Plaintiff's attorney stating that the Application could not be heard by the Board because the City had prohibited all cannabis sales in the municipality. (*Id.* ¶ 24.) Plaintiff's attorney replied, stating that Plaintiff is entitled to

---

[2] Specifically, Plaintiff seeks to convert the existing space by using the same footprint and same loading zone currently in use. (Compl. ¶ 22; Pl.'s Opp'n Br. 1, ECF No. 21.) Lot 6 is an existing two-story commercial building used for a car business, while Lot 2 is vacant and used to store vehicles. (Compl. ¶¶ 22-23.)

2

a hearing before the Zoning Board "based on case law as well as the Municipal Land Use Law [("MLUL")]." (*Id.* ¶ 26.)

Around June 27, 2022, Plaintiff's attorney sent correspondence to Alonso indicating that "the forty-fifth day from submission of [the Application] had passed and as such, pursuant to the Asbury Park Ordinance and the MLUL, the application is deemed administratively complete." (*Id.* ¶ 27.) The following week, Plaintiff's attorney sent follow-up correspondence, requesting that the Application be listed in an agenda for a hearing before the Zoning Board. (*Id.* ¶¶ 28, 30.) The same day, the City indicated that Plaintiff's letter was received and was "under review." (*Id.* ¶ 29.)

Plaintiff asserts that around the same time, an attorney for a competing cannabis business, Asbury Seaweed, LLC ("Asbury Seaweed") allegedly sent correspondence to Moor about "guidance from the [New Jersey Department of Health] with respect to satellite locations of ATCs with specific advice on how to 'argue against' a potential ATC seeking a variance in Asbury Park." (*Id.* ¶¶ 19, 31.) Plaintiff avers that "[b]ased on the dates, [the correspondence] is clearly in reference to the [Application], which was filed on May 12, 2022, as there are no other pending cannabis applications in the City." (*Id.*)

Plaintiff's attorney thereafter received correspondence from Alonso, indicating that the Application would be on the agenda of the Zoning Board's August 9, 2022 meeting, provided that all fees were paid and necessary items were submitted. (*Id.* ¶ 32.) The same day, Moor sent correspondence to several Defendants,[3] "questioning why the Zoning Board is required to hear the [A]pplication." (*Id.* ¶ 33.)

On or around July 28, 2022, Plaintiff published notice of the scheduled hearing and certified mailings of the notice were sent to required recipients. (*Id.* ¶ 34.) Plaintiff's attorney also

---

[3] Plaintiff does not specify which Defendants received this correspondence.

3

sent correspondence to the Zoning Board, attaching all supplemental submissions as required by the Zoning Board's previous correspondence. (*Id.* ¶ 35.)

On August 9, 2022, the day of the Zoning Board meeting, Plaintiff's attorney sent correspondence to the City to request that the Application "be carried to" the Board's September 13, 2022 hearing. (*Id.* ¶ 37.) In the request, Plaintiff agreed to extend the Board's "time to act on the [A]pplication" if such extension was necessitated by Plaintiff's requested delay. (*Id.*)

ii.   *Resolution 2022-360 and Plaintiff's Revised Application*

Plaintiff alleges that in July 2022, an attorney was "brought in as a 'cannabis specialist'" to represent the Zoning Board solely for the Application. (*Id.* ¶ 38.) The attorney suggested in an e-mail correspondence to Alonso, Avallone, and others that "a use variance for cannabis would be a[n] usurpation of the governing body's authority if the use was 'specifically excluded' from the Zoning Ordinance." (*Id.*)

On August 10, 2022, three months after Plaintiff submitted the Application, the City Council[4] adopted Resolution 2022-360, which clarified the City's intent that no cannabis business—medical or otherwise—shall be permitted within the City.[5] (*Id.* ¶ 39.) Shortly thereafter, Alonso sent Resolution 2022-360 to the Zoning Board and its members. (*Id.* ¶ 40.)

---

[4] Plaintiff does not clarify the relationship between the City and the City Council, or whether the two entities are identical. (*See generally* Compl.) For purposes of this Opinion, the Court recites the facts as alleged by Plaintiff.

[5] Plaintiff asserts that the City intentionally chose to adopt a "clarifying resolution" rather than amend the existing ordinance because a change in the ordinance would not apply to the already-filed Application. (Compl. ¶ 39.)

4

On November 22, 2022, Plaintiff submitted a revised application ("Revised Application") to the Zoning Board.[6] (*Id.* ¶ 42.)

### iii. Zoning Board Hearings

The Revised Application was heard on December 13, 2022, during the Zoning Board's regular meeting.[7] (*Id.* ¶¶ 45, 47.) The City's attorney briefly made a statement,[8] indicating that Moor and the City Council "object to the use variance application" in part because "granting of a use variance . . . would undermine the powers of the governing body and would constitute an impermissible usurpation of the [City] Council's authority to zone."[9] (*Id.* ¶ 50.) Plaintiff's representative provided testimony about the business and operational issues, such as that the Asbury Park location would be a medical ATC only and that Plaintiff had recently opened a similar ATC in Roselle Park. (*Id.* ¶ 52.) In concluding the hearing, the Zoning Board indicated that the Revised Application "would be carried until the next available agenda, which was on February 14, 2023." (*Id.* ¶ 54.)

On January 19, 2023, the City's attorney sent e-mail correspondence titled "Asbury Seaweed – Conditional Cannabis License," to Moor, Alonso, and others. (*Id.* ¶ 55.) The unredacted portion states: "I am copying [the "cannabis specialist" attorney] on this communication so that he

---

[6] After submitting the Application, Plaintiff allegedly discovered that Lot 6 protrudes onto Lot 5 by approximately a foot, and therefore decided to add Lot 5 to the Revised Application, but no work or changes are specifically proposed to Lot 5. (Compl. ¶ 41.) Plaintiff does not clarify whether any additional changes were made to the Revised Application. (*See id.* ¶¶ 41-44.)

[7] An executive session was first held with the Zoning Board and the Zoning Board's attorney for clarification on land use law. (Compl. ¶¶ 45-46.)

[8] Plaintiff argues that the City's attorney interrupted Plaintiff's attorney, who was preparing to call the first witness, and spoke "out of order[.]" (Compl. ¶ 49.)

[9] Plaintiff alleges that the City's attorney was not made available for cross-examination as required by statute and relevant case law. (Compl. ¶ 51.)

5

is aware, as he is representing the [Zoning Board] in the pending matter involving the use variance application made by [Plaintiff] . . . for a medical cannabis license along Memorial Drive." (*Id.*)

The Revised Application was again discussed during the Zoning Board's February 14, 2023 meeting. (*Id.* ¶ 56.) Plaintiff called expert witnesses in the field of engineering and architecture to provide testimony. (*Id.* ¶¶ 56, 58.) The Zoning Board thereafter carried the Revised Application to the March 28, 2023 Zoning Board meeting.[10] (*Id.* ¶ 59.) At the subsequent March 28, 2023 Zoning Board meeting, Plaintiff called expert witnesses in the fields of traffic engineering and land use planning to testify for its Revised Application. (*Id.* ¶¶ 60, 62.) Plaintiff argues that the expert witnesses "provided all proofs necessary for the [Zoning] Board to grant" the Revised Application. (*Id.* ¶¶ 57, 61, 63-64.)

        *iv.*    *The Zoning Board's Vote and Decision*

On March 28, 2023, the Zoning Board voted unanimously to deny the Revised Application. (*Id.* ¶ 65.) According to Plaintiff, the Zoning Board closed the meeting to the public and asked the Zoning Board members to state the reasons for their votes denying the Revised Application. (*Id.* ¶ 66.) Many of the Zoning Board members expressed concern that the Revised Application sought to "override" City Resolution 2022-360. (*Id.*)

In May 2023, the Zoning Board adopted a resolution memorializing the denial of the Revised Application.[11] (*Id.* ¶ 72.) Plaintiff asserts, however, that the resolution contains erroneous facts that are contrary to the Zoning Board hearing transcripts and that the resolution falsely states

---

[10] Although the Revised Application was set to expire on March 23, 2023, 120 days after it was submitted, Plaintiff indicates that it granted an extension to the Zoning Board to act on the Revised Application. (Compl. ¶ 59.)

[11] Plaintiff also argues that the Zoning Board did not adopt a resolution memorializing denial of the Revised Application within 45 days of the vote, despite being required to do so pursuant to N.J.S.A. § 40:50D-10(g)(2). (Compl. ¶ 70.)

that Plaintiff refused to address the Zoning Board's concerns regarding the Application or Revised Application. (*Id.* ¶ 73.) Plaintiff also alleges that the Zoning Board falsely considered the expert witness opinions as "mere net opinions" despite evidence and testimony in the transcripts to the contrary. (*Id.* ¶ 74.)

In short, Plaintiff asserts that its Revised Application was denied "in furtherance of [an] improper scheme" by Defendants "to prevent [Plaintiff] from operating any facility in . . . Asbury Park" and that Defendants "favor competitors" such as Asbury Seaweed.[12] (*Id.* ¶¶ 18, 82-83.) As support, Plaintiff asserts that various members of the City, including Moor, were meeting and communicating with representatives of Asbury Seaweed. (*Id.* ¶ 19.) Plaintiff alleges that "Moor and his colleagues" arranged meetings with Asbury Seaweed, gave Asbury Seaweed insight and advice, and generally attempted to "ease Asbury Seaweed's path to operating [an ATC] in Asbury Park." (*Id.* ¶ 20.)

Moreover, Plaintiff argues that the stated purposes of the Zoning Board's decision were "pretextual and not sufficiently supported by law or fact" because the testimony and evidence provided by Plaintiff do not justify denial of the Revised Application.[13] (*Id.* ¶¶ 76-78, 81.) Plaintiff avers that the Zoning Board's resolution does not provide "sufficient rationale for denying the [Revised Application]" and "is vague, and not calculated to benefit the public health, morals, safety[,] or general welfare." (*Id.* ¶¶ 79-80.) As a result, Plaintiff alleges that the Zoning Board exceeded its authority by denying the Revised Application because the decision is against public

---

[12] Similarly, Plaintiff avers that the Revised Application was rejected because of "favoritism concomitant to the relationships of [Moor] and his allies with one or more cannabis vendors other than [Plaintiff] . . . ." (Compl. ¶ 65.)

[13] Plaintiff notes that at the time of the vote, the Zoning Board had in its possession: (1) the documents attached to the Revised Application; (2) testimony provided by Plaintiff and the expert witnesses; and (3) letters and reports prepared by the Zoning Board's professional consultants. (Compl. ¶ 67.)

7

interest as it "would have provided community benefits in the form of allowing retail sales of medical cannabis." (*Id.* ¶¶ 84-86.) Plaintiff asserts that the decision was arbitrary, capricious, and unreasonable, and deprived Plaintiff of its right to equal protection under the U.S. Constitution and New Jersey Constitution. (*Id.* ¶¶ 87-88.)

## II.     LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify and accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, "[t]he defendant bears the burden of showing that no claim has been

8

presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. DISCUSSION

Plaintiff asserts several federal and state counts. The Court begins by considering Plaintiff's federal claims: (1) due process under the Fifth and Fourteenth Amendment and equal protection under the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983; and (2) due process under the Fifth and Fourteenth Amendments and equal protection under the Fourteenth Amendment pursuant to 42 U.S.C. § 1985. (*See* Compl. ¶¶ 89-96.)

As an initial matter, Plaintiff may not pursue a claim under the Fifth Amendment because Defendants are comprised of municipal governments or municipal government employees. (*See* Compl. ¶¶ 3-15.) The Fifth Amendment applies to the federal government—it does not govern state or municipal officials. *Fullman v. City of Phila.*, No. 22-4282, 2023 WL 6881040, at *3 (E.D. Pa. Oct. 17, 2023) (citing *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009)). The Court, therefore, dismisses Plaintiff's due process claims under the Fifth Amendment with prejudice. *See Halgas v. Leith*, No. 23-22125, 2024 WL 749011, at *4 n.2 (D.N.J. Feb. 23, 2024) ("The Due Process Clause of the Fifth Amendment only applies to the actions of *federal* actors[;] it does not apply to the state actors in this case.").

The Fourteenth Amendment, however, applies to state and municipal actors and thus applies to Defendants in this case. *See Smith v. Township of E. Greenwich*, 519 F. Supp. 2d 493, 502 n.11 (D.N.J. 2007) (citation omitted). The Court considers Defendants' arguments in their respective motions to dismiss below.

9

A.      42 U.S.C. § 1983

To pursue a § 1983 claim, a plaintiff must allege that: (1) a "right secured by the Constitution and laws of the United States" was violated; and (2) the violation was made by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985) (stating that although § 1983 does not create any substantive rights, it provides a party with the right to sue when officials violate their substantive rights). Defendants argue that Plaintiff cannot satisfy the first prong—that a specific constitutional right was violated. (Zoning Board's Moving Br. 8-11, ECF No. 15-1; City's Moving Br. 9-14, ECF No. 17-2.) The Court considers the arguments below.

   i.   *Due Process Under the Fourteenth Amendment*

Plaintiff asserts that Defendants violated Plaintiff's right to due process under the Fourteenth Amendment by depriving Plaintiff of a fair hearing. (*Id.* ¶ 90.)

> The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. It is well established that the Due Process Clause contains both a procedural and substantive component. *American Exp. Travel Related Servs., Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012). . . . To state a substantive due process claim, a plaintiff must show: (1) he was deprived of a protected property interest; and (2) a state actor acted with a degree of culpability that shocks the conscience. *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008); *Maple Prop., Inc. v. Township of Upper Providence*, 151 F. App'x 174, 179 (3d Cir. 2005) (finding conscience-shocking behavior where the misconduct involves corruption, self-dealing, or a concomitant infringement on other fundamental individual liberties).

*Michael Conway, Proprietor EHT Tavern, LLC v. Davis*, No. 16-4511, 2017 WL 3151242, at *4 (D.N.J. July 25, 2017). In short, to adequately allege a violation of substantive due process, Plaintiff must first "clearly identify what the nature of its interest . . . was and why that interest

was constitutionally protected."[14] *Winfield Scott Tower Urb. Renewal LP v. Luciani*, No. 23-133, 2024 WL 383980, at *3 (D.N.J. Feb. 1, 2024).

Here, Plaintiff alleges that it was "depriv[ed] . . . of a fair hearing,[15] as guaranteed by law"[16] but provides no other factual allegations to clarify why the hearing was unfair. (Compl. ¶ 90.) Instead, Plaintiff seemingly argues that the hearing was unfair because Defendants' decision to reject the Revised Application was without reason and contrary to the evidence before the Zoning Board. (*Id.* ¶¶ 73, 76-78, 81.) In turn, Plaintiff asserts that Defendants' decision to reject the Revised Application is against the public interest because the community would have benefited from medical cannabis sales. (*Id.* ¶¶ 87-88.) Essentially, Plaintiff appears to aver that it was denied due process by being deprived of a fair hearing because Plaintiff did not get its desired result—approval of its Revised Application. Yet, "[j]ust because Plaintiffs disagree with the [Zoning] Board's ultimate decision does not mean they were not given a fair opportunity to present their

---

[14] Plaintiff failed to specify in its Complaint whether it seeks to raise a substantive due process claim or a procedural due process claim. (*See generally* Compl.) Plaintiff, however, clarified in its Opposition Brief that Plaintiff seeks to raise a substantive due process claim (Pl.'s Opp'n Br. 18-19), and thus the Court assesses the merits of a substantive due process claim only.

[15] Plaintiff adds in its Opposition Brief that Plaintiff was also denied an impartial decisionmaker, an allegation that was not in its original Complaint. (*See* Pl.'s Opp'n Br. 19-20; Compl.) "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings[,]" including the moving party's opposition brief. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir.1985)); *see also Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 387 (D.N.J. 2019) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007))). The Court, therefore, declines to consider Plaintiff's new argument arising from its Opposition Brief.

[16] To be sure, "[t]he Third Circuit recently reaffirmed that '[t]he fundamental requirement of due process is the opportunity to be heard and it is an opportunity which must be granted at a meaningful time and in a meaningful manner.'" *Affinity Healthcare Grp. Voorhees, LLC v. Township of Voorhees*, 624 F. Supp. 3d 494, 521 (D.N.J. 2022), *aff'd*, No. 22-2769, 2024 WL 195471 (3d Cir. Jan. 18, 2024) (citing *S. Allegheny Pittsburgh Rest. Enters., LLC v. City of Pittsburgh*, 806 F. App'x 134, 139 (3d Cir. 2020)).

zoning application to the [Zoning] Board." *Affinity Healthcare Grp. Voorhees, LLC*, 624 F. Supp. 3d at 521. Importantly, Plaintiff has not put forth case law that supports that there is a constitutional right to operate a cannabis business.[17]

Having found that Plaintiff fails to adequately allege a constitutionally protected property interest, the Court declines to assess whether Plaintiff meets the "shocks the conscience" prong. The Court, accordingly, dismisses Plaintiff's substantive due process claim under the Fourteenth Amendment without prejudice.

   ii.  *Equal Protection Under the Fourteenth Amendment*

Next, Plaintiff alleges that it was denied equal protection under the Fourteenth Amendment because Defendants "treat[ed] others more favorably than [Plaintiff] without a legitimate reason to do so . . . ." (Compl. ¶ 90.) Specifically, Plaintiff asserts that Defendants "have been meeting and communicating with principal(s) and representatives of Asbury Seaweed" and have attempted to "ease Asbury Seaweed's path to operating [an ATC] in Asbury Park." (*Id.* ¶¶ 19-20.)

> The Fourteenth Amendment provides that "[n]o State[18] shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. "This is essentially a direction that all persons similarly situated should be treated alike."

---

[17] To the extent Plaintiff may argue that the City's attorney interrupted Plaintiff's attorney and spoke "out of order[,]" the alleged incident alone is insufficient to find that Plaintiff did not have the opportunity to be heard. (*See* Compl. ¶ 49.) *See Affinity Healthcare Grp. Voorhees, LLC*, 624 F. Supp. 3d at 521. Separately, Plaintiff also avers that the City improperly adopted Resolution 2022-360—which clarified the City's intent that cannabis businesses shall not be permitted within the City—because the City did not amend the existing ordinance as a change in the ordinance would not apply to the already-filed Application. (*Id.* ¶ 39.) Plaintiff in turn seems to argue that Resolution 2022-360, which was sent to the Zoning Board and its members, resulted in the denial of the Revised Application. (*See id.*) On this point, however, Plaintiff fails to cite any case law indicating that the City's actions were legally improper, warranting relief.

[18] "Municipalities constitute the state for purposes of Fourteenth Amendment protections." *Associated Builders & Contractors, Inc. v. County of Northampton*, 376 F. Supp. 3d 476, 492 (E.D. Pa. 2019), *aff'd sub nom.*, *Associated Builders & Contractors, Inc. v. County of Northampton*, 808 F. App'x 86 (3d Cir. 2020) (citing *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469 (1989)).

> *Shuman ex rel. v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citation omitted). . . . [Accordingly,] a plaintiff must adequately allege that [it was] purposefully discriminated against and "that [it] received different treatment from that received by other individuals *similarly situated.*" *Id.* (citations omitted). "Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects." *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (quotation marks and citation omitted).

*Deejaiz LLC v. Township of Franklin*, No. 23-3192, 2024 WL 493270, at *8 (D.N.J. Feb. 8, 2024).

Plaintiff's equal protection claim is without merit. First, Plaintiff fails to adequately allege that Plaintiff and its alleged competitor, Asbury Seaweed, are similarly situated. There are no allegations, for example, that Asbury Seaweed submitted a parallel use variance application for similar property lots at around the same period. (*See generally* Compl.) To state generally that Asbury Seaweed is also "a recreational cannabis business and a potential competitor of [Plaintiff]" is inadequate to meet the required standard. (*Id.* ¶ 19.) *See Startzell*, 533 F.3d at 203; *Shuman ex rel.*, 422 F.3d at 151. Second, even if the Court were to construe Plaintiff's allegations as true, Plaintiff fails to allege that Defendants purposefully discriminated against Plaintiff. *See Fullman*, 2023 WL 6881040, at *5 ("[W]ithout evidence of discriminatory intent or disparate treatment, there is no equal protection claim." (citing *Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992))). Alleging that Asbury Seaweed and Defendants exchanged e-mail correspondence (Compl. ¶¶ 19-20, 31, 55) is insufficient to maintain an equal protection claim. *See Ashcroft*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Bell Atl. Corp.*, 550 U.S. at 555)).

13

The Court, accordingly, dismisses Plaintiff's equal protection claim under the Fourteenth Amendment without prejudice.[19]

B.     42 U.S.C. § 1985

Plaintiff repeats its previous allegations to assert that "Defendants have conspired together to violate [Plaintiff]'s civil rights and constitutional rights . . . ." (*Id.* ¶¶ 93-95.)

> Section 1985(3) provides a damages remedy against [anyone] conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. § 1985(3). This section reaches some purely private conspiracies. [*Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971)]. Section 1985(3) creates no substantive rights itself, but merely provides a remedy for violations of the rights it designates. *Great Am. Fed. Savings & Loan Assoc. v. Novotny*, 442 U.S. 366 (1979).

*Hauptmann v. Wilentz*, 570 F. Supp. 351, 385 (D.N.J. 1983), *aff'd*, 770 F.2d 1070 (3d Cir. 1985), and *aff'd sub nom.*, *Appeal of Hauptmann*, 770 F.2d 1070 (3d Cir. 1985).

Plaintiff's § 1985 claim fails for several reasons. First, "§ 1985(3) provides a remedy only if there is 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Hauptmann*, 570 F. Supp. at 385 (quoting *Griffin*, 403 U.S. at 102). Plaintiff, a corporation, does not plead any allegation that it is part of a class. *Id.* at 386 ("If the conspiracy only affects the plaintiff individually, the allegations will not satisfy the class-based animus requirement."). Second, § 1985(3) requires that "a discriminatory animus be 'behind' the conspirators' actions." *Id.* As previously alluded, Plaintiff fails to plead allegations of purposeful discrimination by Defendants or allegations that Defendants were motivated by discriminatory animus. Finally, a § 1985(3) "conspiracy claim must be pleaded with factual specificity in order

---

[19] Having found that Plaintiff fails to establish a due process claim and an equal protection claim under the Fourteenth Amendment, the Court, at this juncture, declines to assess Defendants' arguments as to qualified immunity and an improper *Monell* claim. (Zoning Board's Moving Br. 16-19; City's Moving Br. 17-22.)

to withstand a Rule 12(b)(6) motion to dismiss." *Church of Hum. Potential, Inc. v. Vorsky*, 636 F. Supp. 93, 95 (D.N.J. 1986) (citing *Hauptmann*, 570 F. Supp at 385). Here, Plaintiff's pleadings merely contain conclusory allegations of conspiracy between Defendants and Asbury Seaweed, such as that e-mail correspondences were exchanged.

The Court, accordingly, dismisses Plaintiff's 1985 claim without prejudice.

### C.     Supplemental State Law Claims

Plaintiff also raises several state law claims under 42 U.S.C. 1367(a).[20] (*See generally* Compl.) Here, the Court "finds that no judicial economy or convenience concerns favor exercising supplemental jurisdiction over Plaintiff's state law claims." *Zupko v. County of Ocean*, No. 22-5872, 2024 WL 493635, at *7 (D.N.J. Feb. 8, 2024); *see also* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) ("The decision to retain or decline jurisdiction over state-law claims is discretionary.").

The Court, accordingly, declines to address Defendants' remaining arguments in support of their respective motions regarding Plaintiff's state law claims.

---

[20] Plaintiff's state law claims are unclear. The claims consist of the following counts: (1) an "Arbitrary, Capricious, and Unreasonable . . . State Law Claim"; (2) violation of the New Jersey Open Public Meetings Act pursuant to N.J.S.A. 10:4-6; (3) "Denial Contrary to the Evidence Presented"; (4) "Procedural Defects"; (5) "Resolution Inconsistent With Testimony"; and (6) "Failure to Turn Square Corner; Injunctive Relief." (*See generally* Compl.) The Court declines to attempt to decipher Plaintiff's claims, nor is the Court required to. *See Mobley v. Wetzel*, No. 14-35, 2015 WL 1511896, at *3 (M.D. Pa. Mar. 31, 2015); *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (affirming Rule 8 dismissal when it was impossible to "separate the wheat from the chaff" in the complaint and because "[i]t was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading.").

## IV.  CONCLUSION

For the reasons set forth herein, Defendants' motions to dismiss are granted.[21] The Court will enter an Order consistent with this Memorandum Opinion.

                                                                  /s/ Michael A. Shipp
                                                                MICHAEL A. SHIPP
                                                                UNITED STATES DISTRICT JUDGE

---

[21] The Court briefly notes that "[i]t is well established that a party challenging [a] decision by a municipality, or . . . a municipality's zoning authorities, must exhaust administrative remedies before asserting [its] right for judicial review." *Affinity Healthcare Grp. Voorhees, LLC*, 624 F. Supp. 3d at 521-22 (citing N.J. Ct. R. 4:69-5). The parties do not address this issue. Should Plaintiff seek to amend its Complaint, Plaintiff should demonstrate that all administrative remedies were exhausted for the relevant issues. Additionally, Plaintiff asserts several claims seemingly against all Defendants in its Complaint. (*See generally* Compl.) If Plaintiff chooses to amend its Complaint, Plaintiff should also take care to specify which claims are against which Defendants.