**SEMERARO & FAHRNEY, LLC**
R. Scott Fahrney, Esq. │SBN # 017182008
155 Route 46, Suite 108
Wayne, New Jersey 07470
TEL. (973) 988-5070
Email sfahrney@semerarolaw.com
Attorneys for Defendants, The City of Asbury Park, Mayor John Moor and Michele Alonso

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BREAKWATER TREATMENT AND WELLNESS CORP,<br><br>     Plaintiff,<br><br>v.<br><br>THE CITY OF ASBURY PARK, et al.,<br><br>     Defendants. | Hon. Michael A. Shipp, U.S.D.J.<br>Hon Brendan Daty, U.S.M.J.<br><br>Civil Action No.: 3:23-CV-03661<br><br>A Civil Action |

---

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO MUNICIPAL DEFENDANTS MOTION TO DISMISS**

---

                   **SEMERARO & FAHRNEY, LLC**
                   R. Scott Fahrney, Esq.
                   Mark J. Semeraro, Esq.
                   155 Route 46, Suite 108
                   Wayne, New Jersey 07470
                   TEL. (973) 988-5070
                   Email sfahrney@semerarolaw.com
                   Attorneys for Defendants, The City of Asbury Park, Mayor John Moor and Michele Alonso

R. Scott Fahrney, Esq.
Mark J. Semeraro, Esq.
On the Brief

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................................1

**STATEMENT OF FACTS RELATIVE TO THE OPPOSITION** ..........................................2

**LEGAL ARGUMENT** ................................................................................................................2

    **I.    THE PLAINTIFF'S COMPLAINT DOES NOT PASS THE FED. R. CIV. P. 12(B)(6) STANDARD OF REVIEW, AND AS SUCH, MUST BE DISMISSED WITH PREJUDICE.**........2

    **II.    COUNT I – PLAINTIFF'S 42 USC §1983 SUBSTANTIVE DUE PROCESS CLAIMS MUST BE DISMISSED AS A MATTER OF LAW.** ......................................................................4

    **IV.    ALL CLAIMS AGAINST ANY INDIVIDUAL DEFENDANTS MUST BE DISMISSED AS A MATTER OF LAW BY VIRTUE OF QUALIFIED IMMUNITY.** ......................................12

    **V.    DISMISSAL WITH PREJUDICE IS PROPER WHEN AMENDMENT WOULD BE FUTILE.** ..................................................................................................................................14

**CONCLUSION** ..........................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

Cases

Acierno v. Cloutier,
   40 F.3d 597 (3d Cir. 1994)....................................................................................................... 7

Adams v. Gould Inc.,
   739 F.2d 858 (3d Cir. 1984)................................................................................................... 14

Aitchison v. Raffiani,
   708 F.2d 96 (3d Cir.1983)........................................................................................................ 8

Avatar Expl., Inc. v. Chevron, U.S.A., Inc.,
   933 F.2d 314 (5th Cir. 1991)................................................................................................. 14

Bell A. Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................................ 3

Bogan v. Scott-Harris,
   523 U.S. 44 (1998) .................................................................................................................. 7

Cherry Hill Towers, L.L.C. v. Township of Cherry Hill,
    407 F. Supp. 2d 648 (D.N.J. 2006) ........................................................................... 5, 7, 9

Conley v. Gibson,
    355 U.S. 41 (1957) ............................................................................................................ 4

Doug Grant, Inc. v. Greate Bay Casino Corp.,
    3 F. Supp. 2d 518 (D.N.J. 1998) ..................................................................................... 3

Foman v. Davis,
    371 U.S. 178 (1962) ........................................................................................................ 14

Gallas v. S. Ct. of Pennsylvania,
    211 F.3d 760 (3d Cir. 2000) ............................................................................................ 8

Glassman v. Computervision Corp.,
    90 F.3d 617 (1st Cir. 1996) ........................................................................................... 14

Harlow v. Fitzgerald,
    457 U.S. 800 (1982) ........................................................................................................ 12

Hunter v. Bryant,
    502 U.S. 224 (1991) ........................................................................................................ 12

In re Burlington Coat Factory Securities Litig.,
    114 F.3d 1410 (3d Cir. 1997) ........................................................................................ 14

Kehr Packages, Inc. v. Fidelcor, Inc.,
    926 F.2d 1406 (3d Cir. 1991) .......................................................................................... 3

Lassiter v. Alabama A & M U., Bd. of Trustees,
    28 F.3d 1146 (11th Cir. 1994) ...................................................................................... 12

Malley v. Briggs,
    475 U.S. 335 (1986) ................................................................................................. 12, 13

Mitchell v. Forsyth,
    472 U.S. 511 (1985) ........................................................................................................ 12

Perry v. Grant,
    775 F. Supp. 821 (M.D. Pa. 1991) ................................................................................. 3

Phillips v. Cnty. of Allegheny,
    515 F.3d 224 (3d Cir. 2008) ............................................................................................ 3

Pierson v. Ray,
    386 U.S. 547 (1967) ........................................................................................................ 12

Selvaggi v. Borough of Point Pleasant Beach,
   No. CV 22-00708 (FLW), 2022 WL 1664623 (D.N.J. May 25, 2022) ...................................... 8

Shuman ex rel. v. Penn Manor Sch. Dist.,
   422 F.3d 141 (3d Cir. 2005) .................................................................................................... 11

Siegert v. Gilley,
   500 U.S. 226 (1991) ................................................................................................................ 12

Spradlin v. Borough of Danville,
   No. 4:CV 02 2237, 2005 WL 3320788 (M.D. Pa. Dec. 7, 2005) .......................................... 5, 7

Startzell v. City of Philadelphia,
   533 F.3d 183 (3d Cir. 2008) .................................................................................................... 11

United Artists Theatre Cir., Inc. v. Township of Warrington, PA,
   316 F.3d 392 (3d Cir. 2003) ................................................................................................... 5, 7

Winfield Scott Tower Urb. Renewal LP v. Luciani,
   No. 23-133, 2024 WL 383980 (D.N.J. Feb. 1, 2024) ................................................................ 3

Yahnel v. Bd. of Adjustment of Jamesburg,
   185 A.2d 50 (N.J. Super. L. Div. 1962) ................................................................................... 10

Statutes

42 USC §1983 .............................................................................................................................. passim

N.J.S.A. 40:55-10(d) ......................................................................................................................... 10

N.J.S.A. 40:55D-69 ....................................................................................................................... 9, 10

N.J.S.A. 40A:9-22.5(d) .................................................................................................................. 9, 10

Rules

Fed. R. Civ. P. 8(a)(2) ........................................................................................................................ 2

FED. R. CIV. P. 12(B)(6) ............................................................................................................... 2, 14

Rule 8 ................................................................................................................................................ 3

## **PRELIMINARY STATEMENT**

Once again, the Plaintiff's opposition brief is nothing more than a recitation of the same deficient facts alleged in the complaint repeated over and over again, in the desperate hopes of convincing this Court that its conjured up federal questions, somehow raise enough of a question to permit it to secure discovery. The Plaintiff once again fails to identify the necessary constitutionally protected interest required to maintain a cause of action for violations of substantive due process.

In the initial motion to dismiss, this Court previously found that Plaintiffs failed to allege a constitutionally protected interest to maintain a claim for violation of substantive due process in its §1983 Claim in Count I. Furthermore, the Court found that Plaintiff had not set forth a factual basis for an equal protection claim in that it was similarly situated to other cannabis vendors, or that the Defendants engaged in some purposefully discriminatory conduct against Plaintiff. This finding having not been cured with the amended complaint, should result in a dismissal with prejudice.

However, even if the Court were required to address the legal issue of a substantive due process claim, which it is not because the Plaintiff has not set forth a cause of action, Plaintiff's Amended Complaint still fails to assert a sufficient factual or legal basis to establish that the Municipality, the Mayor or the Planner acted in any fashion that "shocks the conscience" or that Breakwater was deprived of a substantive right. This failure requires dismissal of the substantive due process claim with prejudice as two bites at the rotten apple is too many.

Regardless of what the Plaintiff wishes the court to believe there remains the following unrefuted and undeniable facts that are absolutely fatal to the Plaintiff's civil rights claims:

1. Plaintiff was not deprived any constitutionally recognized right;

1

2. Plaintiff was not treated differently than any similarly positioned individual or entity;

3. No one else received any of the benefits that Plaintiff claims it was wrongfully denied;

4. There was nothing illegal nor discriminatory about any of the actions taken by the moving parties; in fact, all action taken by the moving defendants were within their scope of duties open and transparent.

As a result, all claims based upon the Plaintiff's federal claims must be dismissed as a matter of law, and this time, with prejudice.

## STATEMENT OF FACTS RELATIVE TO THE OPPOSITION

1. The Municipal Defendants rely upon the Statement of Facts set forth in the initial brief.

## LEGAL ARGUMENT

**I. THE PLAINTIFF'S COMPLAINT DOES NOT PASS THE FED. R. CIV. P. 12(B)(6) STANDARD OF REVIEW, AND AS SUCH, MUST BE DISMISSED WITH PREJUDICE.**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. In the Court's Memorandum dismissing the first Complaint, the Court held that Plaintiff failed to plead sufficient legal and factual bases to allege a protected property interest to support its substantive due process claim. See Memorandum Opinion, ECF #28, at 11-12:

> "[T]o adequately allege a violation of substantive due process, Plaintiff must first 'clearly identify what the nature of its interest … was and why that interest was constitutionally protected."

2

> Memorandum Opinion at 10-11 (quoting Winfield Scott Tower Urb. Renewal LP v. Luciani, No. 23-133, 2024 WL 383980, at *3 (D.N.J. Feb. 1, 2024)).

Factual allegations must be enough to raise a right to relief above the speculative level[.]" Bell A. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion or mere conjecture, of an entitlement to relief").

Despite the fact that the defendant bears the burden of proving that no claim has been stated, (Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991), cert. denied 501 U.S. 12222(1991)), "***legal conclusions made in the guise of factual allegations are not given a presumption of truthfulness***." DeJoy v. Comcast Cable Communications, Inc., 941 F.Supp.468,472 (D.N.J. 1996); see also Perry v. Grant, 775 F. Supp. 821, 824 (M.D. Pa. 1991) ("conclusory allegations of law, unsupported conclusions and unwarranted references need not be accepted as true.") [Emphasis added.].

The Court must also not assume that the plaintiff can prove any facts it has not alleged. Doug Grant, Inc. v. Greate Bay Casino Corp., 3 F. Supp. 2d 518, 530 (D.N.J. 1998), aff'd as modified and remanded, 232 F.3d 173 (3d Cir. 2000).

In the matter at bar, the Plaintiff does not cure this factual deficiency, but simply repeats the allegations set forth in the complaint. Moreover, it fails to tie them to a legally cognizable federal claim. While reasonable inferences are given to the allegations, the leaps that the Plaintiff makes are not reasonable and quite frankly, fanciful.

What is most noteworthy is that the plaintiff only asserts conclusions and offers no explanation as to how the so-called competitor received any benefit that Plaintiff itself was denied, and that is because it cannot.

3

Lastly not only did Plaintiff fail to show any evidence of disparate treatment, but it also still fails on proving that it had any constitutionally recognized right to open and operate a cannabis establishment nor was there any right conferred on another that Plaintiff was entitled to. While the Plaintiff claims that the Defendants denied the Plaintiff a due process right (notwithstanding the fact that the Plaintiff was provided ample hearings on their variance by the Zoning Board), that claim is meant for the Zoning Board, not the Municipal Defendants, as they do not control the Zoning Board's agenda.

Furthermore, the Plaintiff's specious claim that Planner Alonso somehow interfered with the right to a hearing has been addressed at length in both the moving brief and this reply. In short, Planner Alonso merely speculated about the possibility of a hearing due to the fact that no cannabis business was permitted in the City. Nevertheless, the hearing went forward as planned. *See* Point II, pg. 14 of the Defendant's moving Brief.

The Plaintiff's complaint is nothing more than a smoke and mirrors scheme to try to paint the City and its officials in a nefarious light in favoring a competing business, providing them preferential treatment, and denying a Plaintiff an alleged property right. As set forth below and in the moving brief, the facts of this case cut against the Plaintiff's claims. The City does not permit cannabis related businesses to operate in the city, and no entity has received permission from the City to operate.

**II.    COUNT I – PLAINTIFF'S 42 USC §1983 SUBSTANTIVE DUE PROCESS CLAIMS MUST BE DISMISSED AS A MATTER OF LAW.**

Failure to allege violation of a specific constitutional right is especially problematic given that the purpose of modern pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Bell A. Corp. v. Twombly, 550 U.S. 544 (2007). [Emphasis added].

While the Plaintiff claims that the complaint is "well-pled" it fails to establish the legal basis or explanation as to what property right the Plaintiff has for "substantive due process." (See Point II(a) of the moving brief). Further, the complaint makes no claim or explanation of how any property right was granted or given to another party over the Plaintiff. In short, the complaint is far from well-pled, and rather, only makes bald assertions or legal conclusions couched as factual allegations.

To prevail on a substantive due process claim arising from a municipal land use decision, a plaintiff must establish that (1) he has a property interest protected by due process, and (2) the government's deprivation of that property interest "shocks the conscience." Cherry Hill Towers, L.L.C. v. Township of Cherry Hill, 407 F. Supp. 2d 648, 654 (D.N.J. 2006) citing Spradlin v. Borough of Danville, No. 4:CV 02 2237, 2005 WL 3320788, at *8 (M.D. Pa. Dec. 7, 2005), aff'd, 188 Fed. Appx. 149 (3d Cir. 2006)(unpublished); United Artists Theatre Cir., Inc. v. Township of Warrington, PA, 316 F.3d 392, 399–400 (3d Cir. 2003).

Here, the Plaintiff has not asserted that a clear and established constitutional right has been deprived by the City Defendants. Primarily, the Plaintiff is not even a property owner with a property interest, but a contract lessee and proposed operator of an Alternate Treatment Facility to be located within the City. [Pl. Amend. Compl. ¶¶3, 4].

Thus, there is no property interest in this matter that is being violated. Moreover, Asbury Park Code §30-15 prohibits any use or use classification that is not expressly permitted in a zone district. Thus, there can be no deprivation where no property right exists in the first place – proving that the Plaintiff has not established the first element of a §1983 claim for Deprivation of Substantive Due Process.

Even if the court finds that the Plaintiff has a constitutionally protected property interest (which it must not), the Plaintiff cannot satisfy the "shocks the conscious" element.

**1) There is no legal basis for the claim that the Director Alonso City attempted to "short circuit" the Breakwater hearing.**

The complaint further alleges that the City and the Director Alonso violated Plaintiff's substantive Due Process rights by 1) sending a letter to Plaintiff's counsel advising that she did not believe the application could be heard because of the City's Ordinance prohibiting cannabis business [Pl. Amend. Compl. ¶24], even though that statement was reversed on her own review [Pl. Amend. Compl. ¶32] and 2) because she sent the Clarifying resolution to the members of the Zoning Board, <u>as is required under the law</u>. See Asbury Park Code §2-17.3(f), (h). [Pl. Amend. Compl. ¶40].

Notwithstanding the fact that Director Alonso allowed the Breakwater Application to proceed on a timely basis following that July 8, 2022 letter and worked with Plaintiff's Counsel to schedule the application for the next available meeting – she was clearly acting in the most professional and timely manner to assist Plaintiff. (See Cert of Fahrney Exhibit 5, p. 6.)

Once again, the Plaintiff's complaint falls well short of the mark in sufficiently pleading how the behavior of Director Alonso "shocks the conscious." Even if her statement of May 31, 2022 was incorrect, there was no unlawful act or deprivation of due process as Director Alonso only "believed" that the application could not be heard, and then on further review, determined that the Plaintiff's Application was permitted to proceed in a timely manner. In short, the Plaintiff's Application for Use Variance was heard by the Zoning Board in accordance with all applicable Municipal Land Use Law provisions.

Despite the fact that the Court declined to even address the "conscious shocking behavior" [or lack thereof], the Plaintiffs have insufficiently pled any facts that would find that the Director's behavior in this matter "shocks the conscious." See Point III of the City Defendant's moving brief.

As such, Count I must be dismissed as a matter of law. Because this now marks the second chance the Plaintiff had to allege a cause of action (and still failed to do so) this claim must be dismissed with prejudice.

**2) The Plaintiff's claims that the City "clarified the city's position on cannabis facilities" still fails to establish a substantive due process right.**

In Opposition to the Motion to Dismiss the Amended Complaint, Plaintiff makes vague claims that the City passed a resolution clarifying the City's intent on not zoning for cannabis businesses in the City [Pl. Amend. Compl. ¶39] and made a written statement to the Zoning Board [Pl. Amend. Compl. ¶50]; all of which are permissible under the law. See Point III, IV and V, of the City Defendants moving brief.

None of these actions establish that (1) Plaintiff has a property interest protected by due process, and (2) the government's deprivation of that property interest "shocks the conscience." Cherry Hill Towers, L.L.C. v. Township of Cherry Hill, 407 F. Supp. 2d 648, 654 (D.N.J. 2006) citing Spradlin v. Borough of Danville, No. 4:CV 02 2237, 2005 WL 3320788, at *8 (M.D. Pa. Dec. 7, 2005), aff'd, 188 Fed. Appx. 149 (3d Cir. 2006)(unpublished); United Artists Theatre Cir., Inc. v. Township of Warrington, PA, 316 F.3d 392, 399–400 (3d Cir. 2003).

As set forth at length in the moving brief, (Point IV), It is black letter law that 1) local legislators are immune from suit under §1983 for their legislative activities; and (2) absolute legislative immunity attaches to all actions of local officials taken in sphere of legitimate legislative activity. Bogan v. Scott-Harris, 523 U.S. 44 (1998). Our United States Supreme Court has never deviated from this legal doctrine. See also, Acierno v. Cloutier, 40 F.3d 597, 615 (3d

7

Cir. 1994) [holding that County Council members are entitled to absolute legislative immunity for rezoning ordinances]; Aitchison v. Raffiani, 708 F.2d 96, 99–100 (3d Cir.1983) [holding that a mayor and a borough attorney were entitled to legislative immunity with respect to their involvement in the passage of an ordinance] and Gallas v. S. Ct. of Pennsylvania, 211 F.3d 760, 773–74 (3d Cir. 2000) [holding that officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions].

It is uncontroverted that the passing of an Ordinance or Resolution by the governing body is a legislative function. Selvaggi v. Borough of Point Pleasant Beach, No. CV 22-00708 (FLW), 2022 WL 1664623, at *12 (D.N.J. May 25, 2022).

Without any specifics on how each of the legislative actions were unlawful or ultra vires (which is not contained in the Plaintiff's complaint, nor have they challenged the passage of said legislation, the Plaintiff's complaint must be denied as a matter of law, with prejudice, as the actions of the Mayor and all city officials (including the Director) are subject to legislative immunity.

As such, all Counts against the Mayor of Asbury Park, both in his individual and official capacity, must be dismissed as a matter of law.

Moreover, these actions, if true, are protected by qualified immunity. See Moving Brief, Point III, and IV, pgs. 16-19

Thus, the Count I against the City, the Mayor and Director Alonso must be dismissed with prejudice as the actions taken by the individuals were unquestionably lawful, and thus protected under qualified immunity.

### 3) **The Plaintiff's claims that the City "poisoned the well" still fails to establish a substantive due process right.**

As set forth above, Plaintiff must establish that (1) he has a property interest protected by due process, and (2) the government's deprivation of that property interest "shocks the conscience." Cherry Hill Towers, L.L.C. v. Township of Cherry Hill, 407 F. Supp. 2d 648, 654 (D.N.J. 2006).

Here Plaintiff claims that the City Attorney's statement at the December 2022 hearing "poisoned the well" was made on behalf of the entire City Council, and that the Mayor never attended any of the Plaintiff's Application hearings, nor did he speak directly at any meeting of the Zoning Board on this matter. [Pl.Compl. ¶50].

The Plaintiff's claims that the Mayor (through the Municipal Attorney appearing at the Zoning Board Hearing) unlawfully made a written statement to the Zoning Board fly contrary to the law. It is completely permissible under the Local Government Ethics Law, the Municipal Land Use Law, or the common law for the mayor to make a statement at a Land Use Hearing. See N.J.S.A. 40A:9-22.5(d); N.J.S.A. 40:55D-69; [Pl. Amend. Compl. ¶50]. Further, it must be clear that the Mayor never attended any of the Plaintiff's Application hearings, nor did he speak directly at any meeting of the Zoning Board on this matter. [Pl. Amend. Compl. ¶50].

Not only is this a completely legal and permissible act under the law, but the Board also specifically noted in the Breakwater Resolution that they gave no deference to the Mayor's statement, and that they would decide the application solely based on the merits and the testimony before them. [Exhibit 5, pgs. 6-7]. Even if there was a deviation in procedure that occurred, it had no impact on the decision. Thus the Plaintiff has not established how the hearing was unfair.

Moreover, even if there was some basis of claim related thereto, which there is not, such claim could only be against the board and not the moving defendants as such boards are autonomous and there is no evidence at all that the moving defendants in anyway interfered with

9

the same. N.J.S.A. 40:55D-69. Further, our courts have held that the City Council and Boards of Adjustment (Land Use Boards) are separate and distinct entities with autonomy over their jurisdictions.  Yahnel v. Bd. of Adjustment of Jamesburg, 185 A.2d 50 (N.J. Super. L. Div. 1962), aff'd, 192 A.2d 177 (N.J. Super. App. Div. 1963).

Mr. Raffetto appeared in his capacity as the Municipal Attorney and presented the City Council's position on an Ordinance and Resolution which directly conflicted with the proposed use variance before the board. Again, an act completely permitted by the Local Government Ethics Law, the Municipal Land Use Law, or the common law. See N.J.S.A. 40A:9-22.5(d); N.J.S.A. 40:55D-69. Mr. Raffetto was not appearing as a witness as the Plaintiff somehow suggests, and as such, he was not required to be "cross-examined" by the Plaintiff's counsel. See N.J.S.A. 40:55-10(d).[1]

Since this firm only represents the City Defendants, and not the Zoning Board Defendants, it leaves the allegations that the Zoning Board was a "biased tribunal" to the Zoning Board Defendants, but states that it agrees with the position of the Zoning Board Counsel.

For the reasons set forth in this brief, and the initial moving brief, the Plaintiff's complaint must be dismissed as a matter of law.

**III. THE AMENDED COMPLAINT PRESENTS NO FACTUAL BASIS THAT THE CITY GAVE PREFERENTIAL TREATMENT TO OTHER CANNABIS RELATED BUSINESSES AND ALL SUCH "EQUAL PROTECTION" CLAIMS MUST BE DISMISSED AS A MATTER OF LAW.**

The Amended Complaint also fails to assert there was disparate treatment by the City Defendants and, thus, Plaintiff fails to cure the defects in its claim for violation of equal protection under the Fourteenth Amendment against the City Defendants.

---

[1] The record is clear that Mr. Raffetto was not sworn as a witness, nor was he providing testimony, but rather a provided a statement of the City Council's intent as to a blanket prohibition on all cannabis related business in the City.

10

In order to maintain an equal protection claim, Plaintiff must "adequately allege that [it was] purposefully discriminated against and 'that [it] received different treatment from that received by other individuals similarly situated." (ECF #28, at 10-12, and 12-13). (quoting Shuman ex rel. v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005). "Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects." Startzell v. City of Philadelphia, 533 F.3d 183, 203 (3d Cir. 2008).

The plaintiff makes nothing more than speculative and specious claims that the Municipal Defendants were meeting with other cannabis enterprises (no proof, merely speculation); that Mayor Moor was communicating with Asbury Seaweed on how to argue against Plaintiff's application (no proof, merely speculation). The record before the court does not support such a preposterous claim, and in fact proves the contrary. See Initial Motion Cert. of R. Scott Fahrney, Esq., Exhibits A, B, D, and E.

Moreover, the letters that Municipal Attorney Raffetto wrote to the CRC and the proposed Conditional License Holders clearly establish that no one received preferential treatment. See Fahrney Cert., Exhibits 2 and 3. It is ironic that the Plaintiff keeps repeating this claim, when in fact the supportive evidence refutes this. The Plaintiffs can repeat this statement a hundred times, but it does not make it any more truthful.

As set forth in the moving brief, this entire portion of the claim is nothing but a red herring, and not even a good one at that. There is nothing unlawful or "conscious shocking" about anything the City did. The City Defendants made it abundantly clear that the City opted-out of ALL cannabis related businesses. This is undeniable and the main hurdle the Plaintiff cannot vault. For the reasons set forth in this brief, and the initial moving brief, the Plaintiff's complaint must be dismissed as a matter of law.

11

### IV. ALL CLAIMS AGAINST ANY INDIVIDUAL DEFENDANTS MUST BE DISMISSED AS A MATTER OF LAW BY VIRTUE OF QUALIFIED IMMUNITY.

It has long been established that state actors, in this case the City and its employees, are protected by qualified immunity so long as their allegedly unlawful acts **were objectively reasonable**. Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982). [Emphasis added.] Qualified immunity is a defense against a claim alleging deprivation of a Constitution right by a law enforcement officer. See Pierson v. Ray, 386 U.S. 547 (1967). It is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

Qualified immunity is "an immunity from suit rather than a mere defense to liability." Id. Moreover, qualified immunity, like absolute immunity, "is effectively lost if a case is erroneously permitted to go to trial." Id. The purpose for qualified immunity is to:

> [permit] courts [to] expeditiously...weed out suits, which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time-consuming preparation to defend the suit on its merits. One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit. Siegert v. Gilley, 500 U.S. 226, 232 (1991).

Accordingly, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991).

Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. Malley v. Briggs, 475 U.S. 335 (1986). As such, the **protection afforded a defendant should be denied only in the most exceptional instances**. Lassiter v. Alabama A & M U., Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994), abrogated by Hope v. Pelzer, 536 U.S. 730 (2002). [Emphasis added].

12

In the matter at bar, there is indisputable evidence that the City passed Ordinance 2021-25, exclusively prohibiting all marijuana retail classes in the City. All actions taken by the Mayor and the Director were objectively reasonable. Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. Malley v. Briggs, *supra.*

There is no allegation contained in the Plaintiff's complaint that the Mayor (or any employee of the City for that matter) ever violated the law. Rather, the Plaintiff only makes vague claims that the Mayor received emails from competitors [Pl. Amend. Compl. ¶31, 33], passed a resolution clarifying the City's intent on not zoning for cannabis businesses in the City [Pl. Amend. Compl. ¶39] and made a written statement to the Zoning Board [Pl. Amend. Compl. ¶50]; all of which are permissible under the law.

The only allegations against Alonso state that she sent a letter to Plaintiff's counsel advising that she did not believe the application could be heard because of the City's Ordinance prohibiting cannabis businesses [Pl. Amend. Compl. ¶24], and that she sent the Clarifying resolution to the members of the Zoning Board, as is required under the law. [Pl. Amend. Compl. ¶40].

Once again, there is nothing unlawful about these actions. Without an allegation that these actions were objectively unreasonable, in violation of the law, and violated a clear and established constitutional right, the Plaintiff cannot maintain this cause of action. Thus, the Counts I against the City, the Mayor and Director Alonso must be dismissed with prejudice as the actions taken by the individuals were unquestionably lawful, and thus protected under qualified immunity.

## V. **DISMISSAL WITH PREJUDICE IS PROPER WHEN AMENDMENT WOULD BE FUTILE.**

Federal courts also deny leave to amend where, as here, the proposed amendments would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).

While freely given, leave is not automatic and if denial is based on sufficient circumstances - such as futility - it is within the court's discretion to deny leave. Avatar Expl., Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 320 (5th Cir. 1991)  The Court of Appeals for the Third Circuit has determined that "futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. See In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice ¶ 15.08[4] at 15-81)). In assessing "futility," the district court applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). Glassman, 90 F.3d at 623 (citing 3 Moore's at ¶ 15.08[4], at 15-81). Under this standard, the Court should refuse to allow amendment of Plaintiff's Complaint because the proposed amendments would be futile and would not survive a motion to dismiss. See Adams v. Gould Inc., 739 F.2d 858, 864 (3d Cir. 1984).

The Plaintiff's complaint is nothing but a red herring or smoke and mirrors. As set forth in the moving brief, and above, not only is there no legally cognizable claim, but the Plaintiff also cannot establish a cause of action for any claim in this matter. The evidence that the Plaintiff presents cuts against each of their claims and as such, any amendment would be futile and simply clog the Court with additional motion practice. In the interest of judicial economy, the Defendant relies on the analysis set forth in the moving brief and above.

As such, the Plaintiff's Complaint must be dismissed with prejudice as a matter of law.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the City Defendants Motion to Dismiss the Complaint for failure to state a claim and dismiss the Complaint with prejudice as a matter of law.

                Semeraro & Fahrney, LLC

                R. Scott Fahrney, Esq.

Dated: August 5, 2024

15