**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BREAKWATER TREATMENT AND WELLNESS CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF ASBURY PARK, *et al.*, <br><br> Defendants. | Civil Action No. 23-3661 (MAS) (JTQ) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court upon two separate Motions to Dismiss Plaintiff Breakwater Treatment and Wellness Corporation's ("Plaintiff") Second Amended Complaint ("SAC"). (ECF No. 53.) The first Motion is by Defendants Christopher Avallone, Wendi Glassman, Daniel Harris, Russell Lewis, Jill Potter, John Scully, and the Asbury Park Zoning Board of Adjustment (the "Zoning Board") (ECF No. 54) and the second is by Defendants Michele Alonso ("Alonso"), John Moor ("Moor"), and the City of Asbury Park ("the City") (ECF No. 55) (collectively, "Defendants"[1]). Plaintiff opposed (ECF No. 57), and Defendants replied, respectively (ECF Nos. 58, 59). The Court has considered the parties' written submissions and decides the motions without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, both Motions to Dismiss are granted.

---

[1] Plaintiff's SAC also identifies fictitious Defendants "John Doe and/or Jane Does 1-25" and "XYZ Companies 1-10." (SAC ¶¶ 14, 15, ECF No. 53.)

I. **BACKGROUND**

A. **Factual Background**[2]

The Court, cognizant that it writes for the benefit of parties familiar with this matter, adopts and incorporates the factual background set forth in the Court's Memorandum Opinion dated January 31, 2025 ("January 2025 Opinion"), dismissing Plaintiff's first amended complaint ("FAC"). (Jan. 2025 Op. 2-9, ECF No. 51.) In today's Memorandum Opinion, the Court focuses on the additional allegations brought in Plaintiff's SAC and whether such additions render the SAC capable of surviving Defendants' Motions to Dismiss.

B. **The Court's Previous Opinion**

In the FAC, Plaintiff asserted a single count under § 1983 for alleged violations of substantive due process and equal protection under the Fourteenth Amendment against Defendants. (*See generally* FAC, ECF No. 30.) In its January 2025 Opinion, the Court granted Defendants' motions to dismiss in their entirety. (*See generally* Jan. 2025 Op.) Specifically, the Court dismissed Plaintiff's due process claim because the FAC failed to adequately allege facts to satisfy the arbitrary and capricious pleading standard required for a substantive due process claim.[3] (*Id.* at 11-14.) The Court also dismissed Plaintiff's equal protection claim because the FAC failed to adequately allege that: (1) its purported competitor was similarly situated to Plaintiff; and (2) Defendants purposefully discriminated against Plaintiff. (*Id.* at 16.) The Court accordingly

---

[2] For the purpose of considering the instant motions, the Court accepts all factual allegations in the SAC as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[3] The Court, however, did not make a finding as to whether Plaintiff adequately pled the other element for a substantive due process claim—that Plaintiff had a property interest protected by due process. (*See* Jan. 2025 Op. 12 ("[E]ven assuming Plaintiff adequately alleged it has a protected property interest protected by due process, Plaintiff fail[ed] to adequately allege that Defendants' deprivation of that property interest 'shocks the conscience.'").)

dismissed the FAC without prejudice, allowing Plaintiff one final opportunity to amend its pleadings (*id.* at 17 n.23), and Plaintiff timely filed its SAC (*see generally* SAC, ECF No. 53).

### C.  The SAC

In the SAC, Plaintiff asserts a single claim under § 1983 for alleged violations of substantive due process under the Fourteenth Amendment. (*Id.* ¶¶ 100-08.)

Plaintiff adds a series of allegations claiming that Defendants enacted or played a role in enacting an ordinance in bad faith and with an improper purpose, which was designed to deprive Plaintiff of its due process rights of receiving a fair hearing before the Zoning Board. (*Id.* ¶¶ 41-50.) On May 26, 2021, the Mayor and Council of the City adopted Ordinance No. 2021-25, which "prohibit[ed] the operation of any class of cannabis business within the geographical boundaries of the City" (the "City's Ordinance"). (Ex. D to Cert. in Supp. of City Defs.' Mot. to Dismiss 69, ECF No. 55-1.) On August 10, 2022, three months after Plaintiff submitted its zoning application, the City Council adopted Resolution 2022-360, which clarified the City's intent that no cannabis business—medical or otherwise—shall be permitted within the City (the "Clarifying Resolution"). (SAC ¶ 39.)

Plaintiff asserts that it received a letter from Alonso, "stating that [its] application . . . for a medical marijuana facility could not be heard by the . . . Zoning Board . . . because the City had prohibited all cannabis sales in the municipality and 'thus the municipality d[id] not believe it c[ould] legally hear th[e] application." (*Id.* ¶ 24.) Plaintiff further asserts that "the content of [the] letter was intentionally incorrect, in that it was based on a plainly unlawful interpretation of . . . [the City's] Ordinance." (*Id.* ¶ 25.)

Plaintiff alleges that the City's Ordinance was "plainly and intentionally unlawful" because it was contrary to the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace

Modernization Act ("CREAMMA"), N.J. Stat. Ann. § 24:61-31 *et seq.*[4] and that CREAMMA "was explicit in its intent not to impact the medical cannabis market in New Jersey." (*Id.* ¶¶ 41, 44.) Plaintiff asserts that since the enactment of the City's Ordinance was purportedly unlawful, the City's Ordinance bore no reasonable relationship to the Municipal Land Use Law ("MLUL"), and, as a result, Defendants' actions bore no reasonable connection to any legitimate governmental interest in enforcing valid local land use ordinances. (*Id.* ¶ 104.) Plaintiff further asserts that the adoption of the Clarifying Resolution was in furtherance of the scheme to prevent Plaintiff from operating a facility in the City. (*Id.* ¶ 94.)

Defendants moved to dismiss the SAC (ECF Nos. 54, 55), Plaintiff opposed (ECF No. 57), and Defendants replied (ECF Nos. 58, 59). The motions are now ripe for review.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[5] "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff."

---

[4] CREAMAA legalizes and regulates New Jersey's recreational cannabis market. *See generally* N.J. Stat. Ann. § 24:61-31.

[5] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. **DISCUSSION**[6]

In the SAC, Plaintiff alleges a single count against Defendants for violation of the Fourteenth Amendment's Due Process Clause, pursuant to 42 U.S.C. § 1983, by depriving Plaintiff of a full and fair hearing by an impartial decision maker. (*See* SAC ¶¶ 100-08.)

To state a § 1983 claim, a plaintiff must allege that: (1) a "right secured by the Constitution and laws of the United States" was violated; and (2) the violation was made by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985) (stating that, although § 1983 does not create any substantive rights, it provides a party with the right to sue when officials violate their substantive rights).

---

[6] The Court incorporates its discussion from the January 2025 Opinion here by reference. (Jan. 2025 Op. 10-17.)

To adequately plead a substantive due process claim, a plaintiff must allege "that an arbitrary and capricious act deprived [it] of a protected property interest." *Cnty. Concrete Corp. v. Township of Roxbury*, 442 F.3d 159, 165 (3d Cir. 2006) (quoting *Taylor Inv., Ltd. v. Upper Darby Township*, 983 F.2d 1285, 1292 (3d Cir. 1993)). In doing so, a plaintiff must first "clearly identify what the nature of its interest . . . was and why that interest was constitutionally protected." *Winfield Scott Tower Urb. Renewal LP v. Luciani*, No. 23-133, 2024 WL 383980, at *3 (D.N.J. Feb. 1, 2024). If a plaintiff successfully sets forth a constitutionally protected interest, the focus of the analysis is whether the defendant's conduct is arbitrary and capricious such that it "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 834, 846-57 (1998) (explaining that arbitrary and capricious actions are only the most "egregious official conduct" that "shocks the conscience"). "While the meaning of the standard varies depending upon factual context, merely alleging an improper motive is insufficient." *Chainey v. Street*, 523 F.3d 200, 220 (3d Cir. 2008) (citing *United Artists Theatre Cir. v. Township of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)).

Here, the Court has already decided that the previous pleadings were not sufficient to state a substantive due process claim. (Jan. 2025 Op. 12-14 ("Plaintiff fail[ed] to adequately allege that Defendants' deprivation of[its purported] property interest 'shock[ed] the conscience.'").)[7] The Court, therefore, must only evaluate whether the additions to the SAC remedy the deficiencies identified in the Court's January 2025 Opinion. Because the Court concluded in its January 2025 Opinion that Plaintiff failed to plead facts to satisfy the arbitrary and capricious act requirement

---

[7] The Court "assum[ed] [for the purpose of its analysis] that Plaintiff adequately alleged that it ha[d] a protected property interest." (Jan. 2025 Op. 12.) The Court thus did not make a finding as to whether Plaintiff adequately alleged a protected property interest under the Due Process Clause of the Fourteenth Amendment.

sufficient to sustain a substantive due process claim, the Court focuses its attention on that element first.

The Court, again, finds that Plaintiff's SAC fails to adequately plead that Defendants' actions rise to the level to meet the Third Circuit's "shocks the conscience" standard.[8] This is fatal to Plaintiff's substantive due process claim. In the SAC, Plaintiff alleges that the City's Ordinance and the Clarifying Resolution were in response to Plaintiff's zoning application to prevent it from opening an Alternative Treatment Center. (SAC ¶¶ 41-50.) Plaintiff further alleges that the enactment and interpretation were not only done in bad faith but were also contrary to the provisions of CREAMMA. (*See id.* ¶¶ 25, 41.) According to Plaintiff, since the enactment and enforcement of the ordinance were purportedly contrary to law, the "ordinance . . . bore no reasonable relationship to the M[LUL], and [thus] the actions of . . . [Defendants] bore no reasonable relation to their governmental interest in enforcing permissible local land use ordinances." (*Id.* ¶ 104.)

Even assuming that these additional allegations are true, an error in interpreting state law or acting in bad faith in enforcing an invalid zoning ordinance does not amount to an actionable claim for a violation of substantive due process. *See, e.g., Highway Materials, Inc. v. Whitemarsh*

---

[8] Plaintiff notes that many of the decisions involving substantive due process in land-use cases were rendered at the summary judgment stage and argues that Defendants' motions are premature. (Pl.'s Opp'n Br. 18-19, ECF No. 57.) But decisions reached at the summary judgment stage establish the governing legal standard for what constitutes a plausible claim of denial of substantive due process. *See Tobal v. V.I. Police Dep't*, No. 10-62, 2022 WL 136841, at *20 (D.V.I. Jan. 13, 2022) ("While most of these cases have involved summary judgment motions, they nevertheless are instructive in defining the level of misconduct that must be alleged in order to state a plausible substantive due process claim.").Where, as here, a plaintiff's factual allegations—accepted as true—fall well short of the minimum legal requirements to state a claim, dismissal on a Rule 12(b)(6) motion is appropriate. *See, e.g., Winfield Scott Tower Urb. Renewal LP v. Luciani*, No. 23-133, 2025 WL 1942423, at *4 (D.N.J. July 15, 2025); *see also Perano v. Township of Tilden*, No. 09-754, 2010 WL 1462367, at *8 (E.D. Pa. Apr. 12, 2010), *aff'd*, 423 F. App'x 234 (3d Cir. 2011).

*Township*, 386 F. App'x 251, 257-58 (3d Cir. 2010) ("If defendants intentionally misapplied the ordinances and disregarded their duty under [state] law to conduct a good-faith evaluation of [plaintiff]'s proposal, that 'remains only a violation of state law.'"); *Blain v. Township of Radnor*, No. 04-2698, 2004 WL 1151727, at *5 (E.D. Pa. May 21, 2004) ("[E]ven allegations of bad faith enforcement of an invalid zoning ordinance do not, without more, state a substantive due process claim."), *aff'd*, 167 F. App'x 330 (3d Cir. 2006); *East Rockhill Township v. Richard E. Pierson Materials Corp.*, 386 F. Supp. 3d 493, 499 (E.D. Pa. 2019) ("Actions taken in violation of state law, in bad faith, due to improper motive, or based on considerations outside the actor's jurisdiction are generally not sufficiently egregious to shock the conscience."). As such, Plaintiff's allegations amount, at most, to an improper motive and/or bad faith violation of CREMMA, which does not meet the "shocks the conscience" standard. *See Highway Materials, Inc.*, 386 F. App'x at 257 ("Even if the purported deficiencies in [plaintiff's] proposal were 'spurious,' and the [t]ownship intentionally refused to cooperate with [plaintiff], the most that can be proven is a bad-faith violation of state law, which does not meet the [shocks the conscience] standard.").

Notwithstanding this, Plaintiff further alleges that the City and Moor violated Plaintiff's substantive due process rights because Moor: (1) received e-mail messages from a purported competitor; and (2) made a written statement to the Zoning Board.[9] (SAC ¶¶ 16, 50.) As in the FAC, Plaintiff's allegations in the SAC suggest nothing more than "th[e] [municipal] officials acted with 'improper motives.'" (*See* Jan. 2025 Op. 13-14 (citing *United Artists Theatre Cir., Inc.*, 316 F.3d at 402 ).) And this is insufficient to sustain a substantive due process claim. *See Chainey*,

---

[9] Notably, not only are these actions permitted under Local Government Ethics Law, MLUL, or common law, but they also fail to rise to the level of "conscious shocking" required by the Third Circuit. *See* N.J. Stat. Ann. § 40A:9-22.5(d); N.J. Stat. Ann. § 40:55D-69.

523 F.3d at 220 ("[M]erely alleging an improper motive is insufficient, even where the motive is unrelated to the merits of the underlying decision.") (citation omitted).

For the reasons set forth above, Plaintiff fails to adequately allege a substantive due process claim under the Fourteenth Amendment. The Court, accordingly, dismisses Plaintiff's substantive due process claim under the Fourteenth Amendment with prejudice.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are granted. The Court will issue an Order consistent with this Memorandum Opinion.

                                                                         /s/ Michael A. Shipp
                                                                         MICHAEL A. SHIPP
                                                                         UNITED STATES DISTRICT JUDGE